Michael Catalano, J.
This is an application for an order ‘ ‘ directing a recanvass, and the correction of the errors set forth in the annexed Petition and the performance by said Commissioners of their duties as imposed by law with respect to the votes cast for the office of Councilman of the Delaware District of the City of Buffalo, and why the results of such recanvass should not be the final results of the Primary Election (of the Liberal Party) for the election districts of the 20th, 23rd and 24th Wards * * * and why Boland B. Benzow should not be declared the winner ’ ’ thereof.
The petitioner states that on primary day, September 7, 1961, elections were held in the various districts of said wards and according to the canvass of returns 41 votes were counted, defendant Trimboli received 22, and the organization candidate Benzow received 19. The relevant errors claimed are: (1) in the 6th District, 24th Ward, two votes intended for said office were entered on the tally sheet for Councilman-at-Large and were given to Trimboli; (2) the three votes intended for said office for the 19th District, 24th Ward, were entered on the tally sheet for Erie County Judge and were given to Trimboli; (3) the three votes intended for said office for the 14th District, 23rd Ward, were entered on the tally sheet for Delegate to the Judicial Convention, and two were given to Benzow, one to Trimboli; (4) the ballot returns intended for said office but entered on the tally sheet for Councilman-at-Large show two votes for Benzow in the 3rd District, 23rd Ward, one vote for Benzow and one for Trimboli in the 6th District, 23rd Ward, one vote for Trimboli in the llt'h District, 23rd Ward, one vote for Trimboli in the 2nd District, 24th Ward, two votes for Trimboli in the 6th District, 24th Ward; (5) the ballot return for *131 the 4th District, 20th Ward, shows one vote for Trimboli, but the tally sheet shows no votes at all. Nothing submitted by the defendants dispute these facts.
Upon an inspection of the ballot returns and tally sheets affixed thereto, it appears that some of the alleged errors are true; that sometimes the names of Trimboli and Benzow appear on a tally sheet entitled “ C’ouncilmen-at-Large ” with the last two words crossed out with a red marking; that sometimes the tally sheets were changed numerically by overwrite. Thus, substantial questions in the tally sheets have been established.
Section 215 of the Election Law, entitled, “Returns of canvass ”, provides, in part, as follows: “Upon completing the canvass, the inspectors shall make, in duplicate, their returns of the canvass. They shall use therefor the printed forms supplied to them, and they shall carefully insert thereon, in ink, the appropriate names, words and figures according to the directions printed in the form pursuant to this chapter. Each of the two tally sheets for any office, party position or question shall be securely attached by the chairman to one set of the returns containing statements of the votes thereon, where the form of return supplied to the inspectors is not combined with the tally sheet itself. A tally sheet, when so annexed, or forming part of the same paper as the return, shall be treated as part of the return. The inspectors, and clerks, if any, shall subscribe in ink the certificate at the end of each of the two sets of returns.”
The tally sheet is the best and highest evidence of the votes, since the ballot return is a summary of the facts contained in the tally sheet. (Matter of Stewart, 155 N. Y. 545, 549.) The contemporaneous, self-proving tally sheet is the original entry of the casting and canvassing of a vote. (Ibid., 155 N. Y. 545, 551.) Nevertheless, if the tally sheet is found to be carelessly or fraudulently kept so that there is no reliable contemporaneous record of the canvass of the votes, the boxes of voted baHots should be opened and examined under the order of the Supreme Court, or a Justice thereof, in order to determine the actual vote cast. (Ibid., 155 N. Y. 545, 554.)
Here, the tally sheets are not reliable, thus, the ballots should be examined.
All other questions raised by the parties do not change this conclusion. Motion for a complete recanvass granted, without costs.